967 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Eric W. SCHROEDER, Plaintiff-Appellant,
v.
Rolland LEONG, Guard; William Oku, Warden; Harold Falk,
Former Director; George Iranon, Director; John
Waihee, Governor, Defendants-Appellees.
 No. 91-16195.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 8, 1992.*
Decided June 1, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant, Eric Schroeder, an inmate at the Halawa Medium Security Facility (the Facility) in Aiea, Hawaii, filed a pro se complaint pursuant to 42 U.S.C. § 1983, alleging that his due process rights under the Fourteenth Amendment were violated when his radio and headset were confiscated from his cell by Rolland Leong, a prison guard at the Facility. Schroeder claims the radio and headset were not returned to him for over two months.
 
 
 3
 Both parties moved for summary judgment. The district court granted summary judgment in favor of the defendants.
 
 
 4
 Two elements are required to establish a civil rights claim under section 1983: "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States." Parratt v. Taylor, 451 U.S. 527, 535 (1981). There is no dispute that the first test is met. See id. at 535-36 (no question that prison officials were state employees in positions of considerable authority). Therefore, we examine the second element only.
 
 
 5
 "Prison officials must be free to seize from cells any articles which, in their view, disserve legitimate institutional interests." Hudson v. Palmer, 468 U.S. 517, 528 n. 8 (1984). Moreover, "the exigencies of prison life authorize officials indefinitely to dispossess inmates of their possessions without specific reason." Id. at 539. (O'Connor, J., concurring). Therefore, in a prison setting, there are very few rights, privileges, or immunities secured by the Constitution of laws of the United States that attach to the temporary deprivation of property, particularly where "[t]he possession and use of the radio and headphones is considered a privilege." Guideline 79, Halawa Correctional Facility Medium General Population Inmate Guidelines (emphasis added). The district court correctly decided that "[t]he deprivation of radio privileges for two weeks (or two months) simply fails to rise to the level of a constitutional violation."
 
 
 6
 Schroeder complains that he was not afforded a pre-deprivation hearing. But Schroeder's claim is grounded in his assertion that his radio was seized in violation of prison regulations. The Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. This is because "the state's action is not complete until and unless it provides or refuses to provide a suitable postdeprivation remedy." Id. Schroeder did not use the remedies provided by the State. Instead, he proceeded directly to federal court. He does not contend the State procedures are inadequate.
 
 
 7
 Under these circumstances, we decline to hold that Schroeder has been deprived of any due process rights under the Fourteenth Amendment.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3